UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 11-142-GWU


BRIDGET CROUCHER,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


## INTRODUCTION

Bridget Croucher brought this action to obtain judicial review of an

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine
      whether the claimant's severe impairment(s) or combination of
      impairments meets or equals in severity an impairment listed

1

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

3

then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Croucher, a 40-year-old former laundry attendant with a high school equivalent education, suffered from impairments related to degenerative disc disease of the lumbar spine, Type II diabetes mellitus, and obesity. (Tr. 14, 19). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 16, 19). Since the available work was found to constitute a significant number of jobs

in the national economy, the claimant could not be considered totally disabled.  (Tr. 19-20).   The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as (1) an inability to stand or walk for more than two hours in an eight-hour time period; (2) the need for a sit/stand option in one-hour intervals; (3) an inability to ever climb ropes, ladders or scaffolds; (4) an inability to more than frequently climb ramps or stairs, stoop, balance, kneel, crouch and crawl; and (5) a need to avoid exposure to whole body vibration.  (Tr. 39).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 39-40).  The ALJ relied upon this information to support the administrative decision.  (Tr. 19).

Croucher argues that the ALJ erred in evaluating her physical condition by failing to give controlling weight to the opinion of Dr. Karen Saylor, her treating

source.  Dr. Saylor opined in January of 2010 that the plaintiff would be restricted from lifting more than 10 pounds occasionally and five pounds frequently. (Tr. 357). Other limitations included an inability to stand for more than two hours a day, sit for more than two hours a day, an inability to more than occasionally bend, squat, reach above shoulder level and manipulate the right hand, and a "moderate" need to avoid unprotected heights and moving machinery.  (Id.).  When Dr. Saylor's restrictions were presented to the vocational expert, he indicated that no jobs could be performed.  (Tr. 40).  The ALJ rejected Dr. Saylor's opinion, despite her status as a treating source, because the treatment notes indicated little treatment for back pain and because the claimant testified she was with the doctor when the form was completed which raised doubt as to whether this was the physician's independent medical opinion.  (Tr. 18).  However, the court notes that Dr. Saylor did sign the assessment form, indicating that this was the physician's opinion.  (Tr. 357).  The doctor had access to a January, 2010 x-ray of the lumbar spine which revealed severe disc space narrowing at L5-S1 (Tr. 351) as well as a January, 2010 MRI scan of the lumbar spine showing a right paracentral protrusion at L5-S1, originating from a severely narrowed disc space (Tr. 359).  This was thought to be the primary reason for the given history of low back and right lower extremity pain and numbness.  (Id.).  Thus, at least some objective medical evidence seems to support

Dr. Saylor's opinion.  Therefore, this opinion, while not necessarily being entitled to "controlling" weight, might be entitled to some weight.

Dr. Carlos Hernandez reviewed the record in December of 2008 and opined that Croucher would be limited to medium level work, restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds and a need to avoid concentrated exposure to vibration.  (Tr. 318-325).  The physical factors of the hypothetical question were consistent with this opinion.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Social Security Ruling 96-6p suggests that when the examiner is also a treating source, then the non-examiner needs to have reviewed a complete record which contains the opinion of a specialist who had access to more detailed and comprehensive information than the treating source.

In the present action, Dr. Hernandez saw the record on December 6, 2008 and, so, did not have the opportunity to see and comment upon the medical evidence which came into the record after this date.  (Tr. 325).  This includes numerous records from Dr. Saylor, including the January, 2010 functional capacity assessment, the January, 2010 lumbar spine x-ray and the January, 2010 lumbar spine MRI scan.  (Tr. 326-359).  In assessing the claimant's residual functional capacity, Dr. Hernandez indicated that he relied heavily upon an MRI scan of the

plaintiff's lumbar spine from September, 2006.  (Tr. 319).  This was before the time period relevant to this appeal.[1]  This MRI scan revealed only a "moderate" narrowing of the disc space at L5-S1.  (Tr. 213).  This is in contrast to the January, 2010 MRI scan, dated  from the relevant time period, which revealed a "severe" narrowing of the disc space.  (Tr. 359).  Thus, these additional medical records, not seen by Dr. Hernandez, could support more serious physical restrictions than were found by the reviewer.  The ALJ should at least have sought the advice of a medical advisor who had seen the complete record and commented upon it.

Dr. Barry Burchett examined Croucher in September of 2008 and noted a diagnostic impression of chronic back pain without radiculopathy, type 2 diabetes, restless leg syndrome, controlled hypertension, and hyperlipidemia.  (Tr. 258).  The doctor's physical examination recorded largely normal results, including a normal range of motion in the spine, no paravertebral muscle spasm, a negative straight leg raising test, and no sign of compressive neuropathy.  (Tr. 256-258).  The ALJ indicated that he gave this opinion "considerable" weight.  (Tr. 18).  However, Dr. Burchett does not appear to have performed any laboratory testing and was not

---

[1]The plaintiff filed her SSI application on June 27, 2008.  (Tr. 106).  The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date.  Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993).  Thus, the time pertinent to this appeal runs from June 27, 2008 through the May 3, 2010 date of the ALJ's denial decision.

provided with any other medical records.  (Tr. 255-260).  The doctor obviously did not have access to the January, 2010 lumbar spine x-ray and lumbar spine MRI scan which were available to Dr. Saylor.  Furthermore, the physician did not address the issue of specific functional limitations which would afflict the claimant.  Under these circumstances, the court finds that Dr. Burchett's report was not sufficient to offset that of the treating source.  Therefore, a remand of the action for further consideration is required.

Croucher also argues that her medical problems would prevent her from maintaining employment and, so, she could not meet the duration requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999). However, in Gatliff, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  Gatliff, 172 F.3d at 692.  In the present action, Croucher has not identified similar evidence suggesting that she would not be able to maintain employment.  Therefore, the court must reject this particular argument of the plaintiff.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration of

Croucher's physical condition.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 17th day of November, 2011.


**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**